IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AILEAF ASHFORD,<br><br>                Petitioner,<br><br>   v.<br><br>BRIAN COLEMAN, superintendent;<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br><br>                Respondents. | Civil Action<br><br>No. 10-7491 |

July 11, 2011

**<u>MEMORANDUM</u>**

      Aileaf Ashford filed this second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. This court referred the petition to United States Magistrate Judge Jacob P. Hart for a report and recommendation. Docket No. 4; *see also* 28 U.S.C. § 636(b)(1)(B); Local Civ. R. 72.1(I)(b). Judge Hart concluded in the report and recommendation (R & R) that the petition should be dismissed because it fails to meet the gate-keeping criteria established in 28 U.S.C. § 2244(b). Docket No. 10 (R & R). Ashford filed timely objections to the R & R, which the court finds unpersuasive. Docket No. 11 (Objections to R & R).

I.      **Background**

The R & R gives an in-depth recitation of the factual and procedural background of this case. R & R, at 1–5. For present purposes, the most relevant facts are detailed below.

On August 22, 2000, a jury convened in the Court of Common Pleas of Philadelphia County found Aileaf Ashford guilty of (1) first-degree murder in the shooting death of Sheldon Clark, and (2) possession of an instrument of crime in connection with that murder. *Ashford v. Folino*, Civ. No. 07-3847 (First 2254), Docket No. 9, ex. C (Superior Court Decision, at 8). At trial, Kenneth Lomax testified that he witnessed Ashford shoot Clark. Docket No. 9, ex. O-1 (Trial Tr. 31:9–32:15). Lomax also testified that a few days prior to the shooting, he had observed Ashford and Clark arguing about whether Ashford could sell crack cocaine on a particular corner where Clark's associates were already selling crack. *Id.* at 24:21–26:21.

After exhausting his direct appeals, Ashford petitioned for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *See* 42 Pa. C.S.A. § 9541 *et seq.*; Docket No. 9, ex. W (Am. First PCRA Pet.). On August 23, 2005, the Court of Common Pleas dismissed Ashford's first PCRA petition. Docket No. 9, ex. AA (Court of Common Pleas Order Dismissing First PCRA Pet., at 4). Ashford appealed the dismissal to the Pennsylvania Superior Court. First 2254, Docket No. 9, ex. C, at 20 (Superior Court Decision). Ashford attached an affidavit executed by Kenneth Lomax to his first PCRA

appeal; in the affidavit, Lomax states that he was high on crack cocaine when the shooting occurred, and that he was financially compensated for his testimony. *Id.* at 27. The affidavit was not dated or notarized when the petition was filed. *Id.* On October 31, 2006, the Superior Court denied Ashford's PCRA appeal. *Id.* at 20.

On or about March 24, 2006, Ashford filed a second PCRA petition. Docket No. 9, ex. BB (Second PCRA Pet.). On August 16, 2006, it was dismissed because the first PCRA petition's appeal was pending. First 2254, Docket No. 9, ex. C, at 24 (Order Dismissing Second PCRA Pet.).

Ashford filed his first federal habeas corpus petition on September 17, 2007. First 2254, Docket No. 1. He submitted a revised version on October 24, 2007. First 2254, Docket No. 4. Ashford attached the Lomax affidavit to that petition, *id.* at 31, but he did not present an argument about Lomax's recantation or Lomax being paid for his testimony. The petition was dismissed by this court on August 14, 2008, because the claims were procedurally defaulted. First 2254, Docket No. 16.

In the meantime, Ashford filed a third PCRA petition on or about October 25, 2007. Docket No. 9, ex. EE (Third PCRA Pet., at 13). Ashford attached Lomax's affidavit to the petition, as well as an affidavit from Quron Brown.[1] *Id.* at 36, 35.

---

[1] In the affidavit, Brown's first name is spelled "Quran" but this memorandum will adopt the spelling "Quron" because that is the spelling in the criminal record submitted by the respondent, Docket No. 9, ex. KK (Criminal R. at 2), and how it appears he signed his name in the affidavit submitted by Ashford, Docket No. 1 (Brown's Aff., at 32).

Brown's affidavit states that he saw a man named "Silk," not Ashford, shoot Clark. *Id.* at 35. Ashford's third PCRA petition was dismissed as untimely on July 11, 2008. Docket No. 9, ex. HH (Court of Common Pleas Order Dismissing Third PCRA Pet., at 2).

On December 28, 2010, Ashford filed the present habeas corpus petition. Docket No. 1. Because it was a second or successive petition, it was transferred to the Court of Appeals for the Third Circuit. *See* Docket No. 2 (Transfer Order). On March 10, 2011, the Court of Appeals granted Ashford leave to file this second or successive petition. Docket No. 3 (Third Circuit Order, at 1). The order reads in full:

> The foregoing application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) is granted. Ashford has made a *prima facie* showing that the affidavits of Kenneth Lomax and Quran Brown constitute newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of his underlying offense. *See* 28 U.S.C. § 2244(b)(2). The Clerk is directed to transfer the documents received from the District Court in connection with this application back to the District Court, along with a copy of this order, for the District Court's consideration in E.D. Pa. Civil No. 10-cv-07491.

*Id.*

Ashford argues in Ground One of the petition that the affidavits from Kenneth Lomax and Quron Brown constitute newly discovered exculpatory evidence. Docket No. 1, at 8. In Ground Two, Ashford argues that the Commonwealth committed a *Brady*[2] violation when it withheld Lomax's criminal record from the defense. *Id.* at 10. Finally,

---

[2] *Brady v. Maryland,* 373 U.S. 83 (1963).

in Ground Three, Ashford argues "Actual Innocence" in light of the affidavits. *Id.* at 12.

**II.    Discussion**

The court's analysis of the issues in this case is presented below.  Insofar as the R & R is consistent with this analysis, Sections II and III of the R & R are adopted.  Since Ashford filed an objection to essentially every conclusion made in the R & R, this court has reviewed the R & R *de novo*.  28 U.S.C. § 636(b)(1).

A prisoner who files a second or successive habeas corpus petition must pass through two gates before the merits of his claim are heard, the first in the court of appeals and the second in the district court.  28 U.S.C. § 2244(b)(3)(A), (b)(4); *see also Goldblum v. Klem*, 510 F.3d 204, 219 n.9 (3d Cir. 2007).  The underlying claims raised in a second or successive petition may only be heard when:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  If the petitioner makes a *prima facie* showing that he can meet this standard, the court of appeals will authorize the petitioner to file a successive petition.  28 U.S.C. § 2244(b)(3)(C); *see also Goldblum*, 510 F.3d at 219 ("'[We

understand] "prima facie showing" [to mean] . . . simply a sufficient showing of possible merit to warrant fuller exploration by the district court.'" (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997))). The *Goldblum* court explained that "merit" does not refer to the merits of the habeas corpus petition, but rather to whether the petitioner has met the § 2244(b)(2) standard. 510 F.3d at 219 n.9. After the court of appeals makes its preliminary determination, the district court must engage in an independent analysis and dismiss any claims that have not met the § 2244(b)(2) standard. 28 U.S.C. § 2244(b)(4).

In the present case, Ashford must satisfy both § 2244(b)(2)(B)(i) and (B)(ii) before the merits of his petition may be heard;[3] this court finds that he does not satisfy the statute's requirements. Section 2244(b)(2)(B)(i) requires that the factual basis for the claim could not have been discovered previously through due diligence. Ashford argues that (1) the affidavits were "discovered after trial and initially submitted [to the state court] within 60 days of the date [they] could have been . . . ," and (2) "Petitioner used diligency in pursuing claims (affidavits) by first giving the state courts an opportunity to address the claims . . . ." Objections to R & R, at 2. Third Circuit precedent instructs that Ashford has not met the requirement of (B)(i) because he had the affidavits in his possession at the time of his first habeas corpus petition but did not submit particular

---

[3] Because no relevant and retroactive rules of constitutional law have been established by the Supreme Court or argued by Ashford under § 2244(b)(2)(A), this case must meet the standards set forth in § 2244(b)(2)(B).

arguments related to that evidence. *Benchoff v. Colleran*, 404 F.3d 812, 819–20 (3d Cir. 2005).

In *Benchoff*, a prisoner submitted a parole claim in his second or successive petition for habeas corpus relief that had not been submitted in his first petition. *Id.* The Third Circuit found that the prisoner had not met the requirement for § 2244(b)(2)(B)(i) because "the fact that [the petitioner] had already raised his parole claim in state court forecloses any argument that the factual predicate for the claim was not developed or that [the petitioner] was somehow unaware of the parole claim at the time he filed his first habeas petition." *Id.* at 819. Moreover, a petitioner should submit all claims, whether exhausted or unexhausted at the state level, in his first federal petition. *Id.* ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." (quoting *Rose v. Lundy*, 455 U.S. 509, 521 (1982) (alteration in original))).

Ashford does not meet the requirement of (B)(i) because the two affidavits are dated before October 24, 2007, the date he filed a revised first habeas corpus petition. It is clear that Ashford had the Lomax affidavit in his possession because it was attached to his first PCRA appeal in 2005. And it is reasonable to infer that Ashford possessed Brown's affidavit because it was attached to Ashford's third PCRA petition, which was filed on or about October 25, 2007. If Ashford was not in possession of the affidavits when the first petition was filed, he could have sought leave to amend his first petition

once he obtained the affidavits. Thus, Ashford cannot contend that these affidavits are newly discovered.[4]

Ashford further argues that he satisfies the requirements of (B)(ii) because "Brown's affidavit . . . would be enough to create doubt in at least one juror's mind." Objections to R & R, at 2. The court does not reach the merits of this argument because Ashford fails to satisfy (B)(i).

In his habeas corpus petition, Ashford maintains that his "actual innocence" claim is "to satisfy the 'miscarriage of justice' requirement to overcome the procedural default of his recently discovered unexhausted *Brady* claim," Docket No. 1, at 22–23, but this argument misses the mark. The issue is not whether Ashford has procedurally defaulted his claim, but instead whether he is entitled to file a second or successive habeas petition. As Judge Hart states, "the dual requirements of § 2244(b)(2) cannot be circumvented in this way." R & R, at 10.

Read in the alternative, Ashford's "actual innocence" claim may be construed as a freestanding claim of actual innocence apart from the attached affidavits. Because the Third Circuit allowed the petitioner to proceed only on the basis of the two affidavits, and

---

[4] Ashford also argues that under 28 U.S.C. § 2244(d)(2), the affidavits should be considered newly discovered because he had not exhausted his state claims when they were discovered. Objections to R & R, at 3. Section 2244(d) sets forth a period of limitations within which a prisoner must file a petition; this section is not relevant to the issue at hand because the question is whether Ashford is permitted to file a second or successive petition, not whether such a petition was timely.

it did not give this court the authority to consider the "Actual Innocence" claim or the alleged *Brady* violation, this court will not address those two claims.

This court has examined Ashford's other arguments and finds them to be unpersuasive.

### III.     Conclusion

For the preceding reasons, this court will dismiss the petition because it finds that Ashford's second or successive petition does not meet the requirements set forth in § 2244(b)(2). No certificate of appealability shall issue because petitioner has not shown "that jurists of reason would find it debatable whether th[is] district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).